## Case No. 9,714.

### MONROE v. DOVER STAMPING CO.

[1 Ban. & A. 401; Holmes, 413; 6 O. G. 685.] [2]

Circuit Court, D. Massachusetts. Sept. 3, 1874.

PATENTS—EGG-BEATERS—NOVELTY—INFRINGEMENT.

The second claim of the reissued patent granted to Edwin P. Monroe, October 16, 1860, for a new and improved egg-beater, is for "the beaters, I and J, revolved in opposite directions by suitable mechanism, substantially as set forth." The Monroe beaters revolve concentrically. The defendant made and sold beaters under the patent granted to Turner Williams and E. D. Goodrich, dated May 31, 1870, numbered 103,-811. These latter consist of two beaters revolved in opposite directions, the axes being some distance apart. *Held*, that the manufacture and sale of the Williams & Goodrich beaters did not infringe complainant's patent.

[This was a bill by Edwin R. Monroe against the Dover Stamping Company to re-

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

1 [Reported by Hon. William Cranch, Chief Judge.]

2 [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq.; reprinted by Jabez S. Holmes, Esq.; and here republished by permission.]

strain the alleged infringement of letters patent No. 23,694, granted to the complainant April 19, 1859.]

James B. Robb, for complainant.

B. R. Curtis and T. W. Clarke, for defendant.

SHEPLEY, Circuit Judge. Complainant alleges that defendant infringes the invention secured to him by letters patent, reissue No. 1,062, dated October 16, 1860, for a new and improved egg-beater. Defendant, under license from the patentees, was making and selling egg-beaters, under and in conformity to letters patent of the United States, granted to Turner Williams and E. D. Goodrich, assignees of Turner Williams, dated May 31, 1870, and numbered 103,811.

The beater described in complainant's patent, consists of a frame, to be clamped to a table or other support, with two concentric beaters, which are, by suitable gearing, revolved in opposite directions. The vessel containing the eggs to be beaten, is held up to the beaters, which project downward from the frame, so that the beaters will be immersed in the matters to be beaten. By turning the crank, the beaters are revolved concentrically, in opposite directions. In the Monroe patent, the first claim, is for, in combination with a rotary egg-beater, an arm having at one end bearings for the journals to rotate in, and at the other a clamping device for the purpose of securing the beater to the table with its shaft or bearing in a vertical line, as set forth. It is not contended that defendant infringes this claim. The second claim is for "the beaters, I and J, revolved in opposite directions by suitable mechanism, substantially as set forth." The Monroe beaters revolve in opposite directions, and the beaters in the Turner Williams patent also revolve in opposite directions. Here their resemblance begins and ends. The Monroe beaters revolve concentrically. The axes of the beaters in the Williams machine are at some distance apart, and the orbits described by the revolution of the blades of the beaters intersect each other. The currents produced in the matter to be beaten, are entirely different. In the Monroe beater, the fluid material tends to arrange itself mainly in two concentric layers, which are carried around in opposite directions by the beaters, the centrifugal force tending to accumulate the material around the circumference of the vessel. In defendant's beater, this action does not take place, for the reason that the orbits of the blades intersect at two points in their circumference. After the blade of one beater has passed through the material, another beater, moving in an opposite direction, passes through the same material, obliterating the track made by the other, and so on alternately. There are other obvious and important differences, in the mode of operation of the beaters, which render it too clear to admit of any doubt, that the invention described in the Turner Williams patent is not an infringement of the patent to Monroe. Bill dismissed.